ALLEN W. FIELD ET AL. V. LINCOLN TRACTION COMPANY
ET AL.

FILED SEPTEMBER 20, 1905. No. 13,906.

**Taxation:** BOARD OF EQUALIZATION: DISCRETION. The sound discretion
reposed in the board of equalization in hearing complaints on the
valuation of property for assessment under the revenue law in
force in 1902 will not be disturbed by this court, unless so mani-
festly wrong that reasonable minds could not differ thereon.

ERROR to the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Allen W. Field* and *Tibbets & Anderson,* for plaintiffs
in error.

*Clark & Allen* and *J. L. Caldwell, contra.*

OLDHAM, C.

This cause is a proceeding in error from the action of
the board of county commissioners of Lancaster county
sitting as a board of equalization on the valuation of
property of the Lincoln Traction Company, a corporation,
for the year 1902. The plaintiff in error filed a protest
and objection to the assessment as returned by the as-
sessor. The protest was heard and evidence taken in this
and other similar cases before the county board sitting as
a board of equalization, and on such hearing the value of
the property for taxation was fixed by the board at $50,-
000. Error was prosecuted from this finding to the dis-
trict court, where the action of the board was affirmed,
and to reverse this judgment of the district court error is
brought to this court.

The only contention urged in the brief of the plaintiff in
error is that, under the testimony taken before the board
of equalization, it is grossly inadequate to assess the prop-
erty of the defendant traction company at $50,000. The
evidence was taken in a very informal manner before the

board of equalization, as is generally the case in proceedings of this nature before such boards. Under the rules governing the admission and exclusion of testimony in courts of record, little of the evidence offered would have been received. The assessment was made under the revenue law in force in 1902, which has been superseded by the enactment of 1903, which, it is hoped, will prove much more effective in distributing the burdens of taxation in an equitable manner on all classes of property within the commonwealth. Under the law as it existed in 1902 it was the peculiar province of the board of equalization, in its administrative capacity, to hear and determine complaints of improper valuation made by the local assessors, and, unless it is made to appear that the judgment of the board in fixing the valuation on such complaints was so clearly wrong that reasonable minds could not differ thereon, the sound discretion reposed in the board should not be disturbed by a reviewing court. There is no evidence in the record before us to say that the judgment in the case at bar was erroneous in this sense.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.